IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| TRUE THE VOTE, INC., GREGG | § | |
| PHILLIPS, and CATHERINE | § | |
| ENGELBRECHT, | § | |
| | § | |
| DEFENDANTS. | § | |

### ACCEPTANCE AND WAIVER OF PERSONAL SERVICE OF TEMPORARY RESTRAINING ORDER

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Brock Akers, as counsel for True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht, who upon being duly sworn stated as follows:

My name is Brock Akers, and I am the counsel for defendants True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht ("Defendants"), in the above-entitled and numbered cause. I have received and hereby accept service, on the Defendants' behalf, of the Temporary Restraining Order entered by Judge Hoyt on September 12, 2022 (the "TRO"), in the above-captioned matter, and attached hereto as Exhibit A. On the Defendants' behalf, I hereby expressly waive personal service of the TRO on the Defendants.

_____
Brock Akers        9.13.22

# EXHIBIT A

Case 4:22-cv-03096 Document 14 Filed on 09/12/22 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| TRUE THE VOTE INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## TEMPORARY RESTRAINING ORDER

This cause having come before the Court on the Motion of plaintiff Konnech, Inc. ("Konnech" or "Plaintiff") for a Temporary Restraining Order ("TRO"), and the Court having reviewed Plaintiff's Original Complaint, Plaintiff's Motion for Temporary Restraining Order and Brief in Support ("Motion"), and the supporting affidavit of Eugene Yu, the Court finds that there is a substantial likelihood that Konnech will suffer irreparable injury if this TRO is not granted.

Specifically, evidence was presented to the Court to substantiate Konnech's claim that: (1) Konnech has a substantial likelihood of success on the merits with respect to its claim against Defendants True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht ("Defendants") for violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et. seq.*, and the Texas Harmful Access by Computer statute (TEX. CIV. PRAC. & REM. CODE § 143.002), as Defendants have admitted to gaining unauthorized access to Konnech's protected computers and obtaining information therefrom; (2) Konnech will suffer immediate irreparable harm absent the issuance of a TRO because there is a threat that (a) Defendants will seek unauthorized access to Konnech's protected computers; (b) Defendants will use and/or disclose data from Konnech's protected computers without authorization; (c) Defendants will interfere with Konnech's control

of its protected computers; (d) Konnech will suffer a breach of security of Konnech's protected computers; (e) Defendants will disclose confidential information contained on Konnech's protected computers; and (f) Defendants will cause a loss of confidence and trust of Konnech's customers, loss of goodwill, and loss of business reputation; (3) this harm outweighs any potential harm that Defendants might suffer if a TRO was granted because Defendants will not be damaged by being enjoined from committing further unlawful acts, by returning the property stolen from Konnech, and by identifying how Defendants obtained data from Konnech's protected computers without authorization; and (4) the TRO is in the public interest because it is in the public's interest to enjoin conduct that the United States Congress has found to be unlawful, to prevent the disclosure of personal identifying and banking information, and the TRO would in fact benefit the public's expectation of integrity in the U.S. election process.

Additionally, the evidence demonstrates that emergency conditions exist, that irreparable harm to Konnech is threatened to imminently occur and will continue to occur unless Defendants, and anyone acting in concert with them, are restrained, and that Konnech has no adequate remedy at law.

Further, this Order is issued *ex parte*, and no notice was required to be given to Defendants or their counsel, as there is a risk that Defendants would publicly release the information stolen from Konnech, or otherwise destroy the evidence establishing their misconduct. It is therefore:

ORDERED that Plaintiff's Motion is hereby GRANTED; it is further,

ORDERED that Defendants, directly or indirectly, and whether alone or in concert with others, shall be immediately:

i. enjoined from accessing or attempting to access Konnech's protected computers;

        ii. ordered to return to Konnech all property and data obtained from Konnech's protected computers, whether original, duplicated, computerized, handwritten, or any other form whatsoever;

        iii. enjoined from using, disclosing, or exploiting the property and data downloaded from Konnech's protected computers;

        iv. ordered to preserve, and not to delete, destroy, conceal or otherwise alter, any files or other data obtained from Konnech's protected computers;

        v. ordered to identify each individual and/or organization involved in accessing Konnech's protected computers;

        vi. ordered to confidentially disclose to Konnech how, when, and by whom Konnech's protected computers were accessed; and

        vii. ordered to identify all persons and/or entities, in Defendants' knowledge, who have had possession, custody or control of any information or data from Konnech's protected computers; It is further,

        ORDERED that Konnech shall post bond with sufficient surety in the amount of **$100.00;**

it is further,

        ORDERED that a hearing on Plaintiff's preliminary injunction is set for **September 26, 2022 at 11:30 a.m., in Courtroom 11A.**

        SIGNED on September 12, 2022, at Houston, Texas.

        Kenneth M. Hoyt
        United States District Judge