IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KONNECH, INC.,** | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| **TRUE THE VOTE, INC., GREGG PHILLIPS, and CATHERINE ENGELBRECHT,** | § § § § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF KONNECH, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SHOW CAUSE AND FOR CONTEMPT AGAINST DEFENDANTS**

Plaintiff Konnech, Inc. files this Reply in Support of its Motion to Show Cause and for Contempt Against Defendants True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht, and shows the Court as follows:

**PRELIMINARY STATEMENT**

Although the TRO was signed fifteen days ago (Doc. 9) and remains in effect (Doc. 20), Defendants still refuse to comply with subsections v, vi, and vii of the TRO and have also refused to provide Konnech with sworn statements that were requested eight days ago to confirm whether they have complied with the TRO at all. Instead of complying with the TRO or seeking to modify the TRO so that they could comply, Defendants have entirely disregarded important provisions of the TRO because they claim this is a "matter for the FBI." Now, faced with Konnech's Motion, Defendants have falsely represented to the Court that the parties have agreed to an Agreed Preliminary Injunction (which is untrue), and heedlessly rely on a statute reserved for "classified information" to claim for the first time that revealing the identity of the person that allegedly stole Konnech's data has "significant national security and law enforcement implications" and,

moreover, that they should not have to comply with the TRO "until the FBI expresses disinterest" in preventing the disclosure of the information required by the TRO. To be clear, although Defendants rely on a statute reserved for "classified information," no one (including the Defendants) has ever claimed that the information Defendants were required to provide under the TRO has been designated by a United States Government Agency as classified. And Defendants surely did not treat Konnech's data or the information which the TRO requires them to provide as "classified information" before the Court issued the TRO. Rather, Defendants repeatedly claimed that they were going to publicly disclose to Defendants' followers the Konnech data which Defendants' "guys" and "analysts" helped them to obtain. Defendants have no legal basis for their non-compliance with the TRO and the FBI, despite being notified of this matter twelve days ago, has made no attempt to intervene which surely confirms that no classified information is at stake.

Simply put, Defendants have not complied with the TRO and they are grasping at straws to avoid the consequences for their non-compliance. Defendants' contempt should not be tolerated any longer, and Konnech should not be forced to rely on Defendants' unsworn contradictory statements claiming compliance. Defendants should be required to appear and prove their compliance with the TRO, to show why they should not be held in contempt, and to immediately reveal the identity of those people involved in allegedly taking Konnech's data, how, when and where they took it, and who else has or has ever had the data.

**ARGUMENT**

The TRO ordered, among other things, that Defendants, directly or indirectly, and whether alone or in concert with others be: "(v) ordered to identify each individual and/or organization involved in accessing Konnech's protected computers; (vi) ordered to confidentially disclose to Konnech how, when, and by whom Konnech's protected computers were accessed; and (vii)

ordered to identify all persons and/or entities, in Defendants' knowledge, who have had possession, custody or control of any information or data from Konnech's protected computers." (Doc. 9.)  But Defendants freely admit that they have not complied with subsections v, vi, and vii of the TRO.  (Doc. 19 at ¶ 2) ("Defendants have not complied with [the TRO] in every respect."). Instead of complying with the TRO, on September 15, 2022, Defendants submitted an *ex parte* letter to the Court under seal which purports to name a single third-party they claim is responsible for hacking Konnech's computers and stealing its data.  Konnech has never been provided with the identity of this individual as required by the TRO, and Defendants' *ex parte* letter wholly failed to address the information ordered to be disclosed to Konnech pursuant to subsections vi and vii of the TRO.  Counsel for Konnech has repeatedly attempted to obtain from Defendants the information required by the TRO, but Defendants have refused to comply.

To be clear, however, Defendants' story about the events made the basis of this suit has drastically changed since this lawsuit was filed on September 12, 2022.[1]  For example, before suit was filed, when Defendants first started bragging about what they claimed to have stolen from an alleged Konnech server, Defendant Engelbrecht described how she "pulled in [Defendant Phillip's] team, and asked them to take a deeper dive" around the security of Konnech's software. (*See* Ex. A-3 in support of Konnech's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 5)  Defendant Phillips also previously boasted about meeting his "guys" and his "analysts" in a Dallas, Texas hotel room where Defendants claim that "they" hacked into Konnech's computer system and took its data.  (*See* Exs. A-1, A-2 in support of Konnech's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 5.)  But since this suit was

---

[1] It should also be noted that contrary to Defendants' false representation to the Court in their Response brief, the parties have not agreed to an Agreed Preliminary Injunction.  (Doc. 19 at ¶ 5.)  Though the parties have discussed negotiating an agreed injunction and have exchanged drafts in furtherance of such discussion, no agreement has been reached despite Konnech's efforts to obtain Defendants' agreement.

filed, Defendants suddenly changed their story and claimed first that an "independent contractor" was involved in taking Konnech's data.  (*See* Ex. D in support of Konnech's Contempt Motion, Doc. 16.)  And then when pressed, Defendants changed their story again and claimed that same person "was not contracted to us or paid by us," but rather was an unaffiliated third-party—not a team of Defendant Phillips' "guys" or his "analysts"—and that Defendants were merely provided with a hard drive of data from this undisclosed third-party which Defendants "did not view" (thus establishing that Defendants could not have known what they were actually given).  (*See* Ex. E in support of Konnech's Contempt Motion, Doc. 16.)  Because Konnech should not have to rely on contradictory unsworn statements, Konnech requested that Defendants sign affidavits swearing to their compliance with the TRO.  If what Defendants are now claiming as their story is true, then signing affidavits swearing to their position and compliance with the TRO should be uncontroversial.  But Defendants have not done so, and their defiance of the TRO remains unabated.

Defendants have refused to comply with the TRO because they claim this is "a matter for the FBI," and that they should not have to comply with the TRO "until the FBI expresses disinterest."  But the FBI was put on notice of the TRO twelve days ago, and they have taken no action whatsoever to prevent its enforcement.  The FBI's silence speaks volumes, and Defendants should be held in contempt for their refusal to disclose to Konnech the purported identity of the alleged hacker and their refusal to confirm: (i) that the alleged hacker was the *only* person involved in improperly accessing Konnech's computers and stealing its data in light of their prior statements discussing the involvement of several persons; (ii) how, when, and where they took Konnech's data; and (iii) who else has or has ever had the data—all of which this Court ordered Defendants to do fifteen days ago.

For the first time after this Motion was filed, Defendants claimed in their Response that they do not need to comply with the TRO based on 18 U.S.C. § 798. However, that statute does not excuse their non-compliance with the TRO either and is entirely inapplicable. Section 798 makes it illegal for a person to disclose "classified information" to "an unauthorized person" or:

> use in any manner prejudicial to the safety or interest of the United States or for the benefit of any foreign government to the detriment of the United Sates any <u>classified information</u>:
>
> > (1) concerning the nature, preparation or use of any code, cipher or cryptographic system of the United States or foreign government; or
> >
> > (2) concerning the design, construction, use, maintenance, or repair of any device, apparatus, or appliance used or prepared or planned for use by the United States or any foreign government for cryptographic or communication intelligence purposes; or
> >
> > (3) concerning the communication intelligence activities of the United States or any foreign government; or
> >
> > (4) obtained by the processes of communication intelligence from the communications of any foreign government, knowing the same to have been obtained by such processes[.]

18 U.S.C. § 798(a) (emphasis added).

"Classified information" is defined in the statute to mean "information which, at the time of a violation of this section, is, <u>for reasons of national security</u>, <u>specifically designated by a United States Government Agency</u> for limited or restricted dissemination or distribution." *Id*. at § 798(b) (emphasis added). But Defendants have made no attempt to demonstrate that the TRO requires them to divulge anything designated by a United States Government Agency as "classified information." Defendants also make no attempt to show how the information required to be disclosed by the TRO otherwise fits within the subsections (a)(1-4) of 18 U.S.C. § 798. *See U.S. v. New York Times Co.*, 328 F. Supp. 324, 329 (S.D.N.Y. 1971) (refusing to enjoin publication of government documents on the basis of § 798 where the government did "not contend, nor d[id]

the facts indicate, that the publication of the documents in question would disclose the types of classified information specifically prohibited by the Congress," and where the government did not convince the court that publication of the documents "could be used to the injury of the United States or to the advantage of any foreign nation.").

Moreover, Defendants' subjective belief "that revealing the name of this individual has significant national security and law enforcement implications" (Doc. 19 at ¶ 2) is not a valid excuse for their defiance of the TRO. Indeed, the Court specifically held that "the TRO is in the public interest[.]" (Doc. 9.) And in any event, the only law enforcement implications at issue in this matter is what Defendants have repeatedly and publicly claimed is an FBI investigation into Defendants themselves. (*See* Exs. A-1, A-2, A-3 & A-4 in support of Konnech's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 5) The Court should not tolerate Defendants' continued contempt.

Therefore, because Defendants are openly defying the TRO, Konnech, Inc. respectfully requests that the Court, without a hearing, enter an order directing that (i) Defendants and their counsel appear before the Court and show why they should not be held in contempt of the TRO; and (ii) make public a fully unredacted copy of Defendants' September 15, 2022 *ex parte* letter to the Court. Konnech, Inc. further respectfully requests that, after hearing, the Court enter an order: (i) holding Defendants and their counsel in contempt; (ii) awarding Konnech attorneys' fees and costs; (iii) sanctioning Defendants for their contempt; and (iv) for such other and further relief to which Konnech may be justly entitled.

Dated: September 27, 2022

                                                                                                                 KASOWITZ BENSON TORRES LLP

                                                                                                      By:   */s/ Constantine Z. Pamphilis*

Case 4:22-cv-03096   Document 21   Filed on 09/27/22 in TXSD   Page 7 of 7


        Constantine Z. Pamphilis
        Attorney in Charge
        Texas State Bar No. 00794419
        SDTX Bar No. 19378
        DPamphilis@kasowitz.com
        Nathan W. Richardson
        Texas State Bar No. 24094914
        SDTX Bar No. 24094914
        NRichardson@kasowitz.com
        1415 Louisiana Street, Suite 2100
        Houston, Texas 77002
        (713) 220-8800
        (713) 222-0843 (fax)

        *Attorneys for Plaintiff Konnech, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 27, 2022, true and correct copies of the above and foregoing were forwarded to all parties and counsel of record through the ECF filing system.

        */s/ Nathan W. Richardson*
        Nathan W. Richardson