IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KONNECH, INC., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-03096 |
| § | |
| TRUE THE VOTE, INC., GREGG § | |
| PHILLIPS, and CATHERINE § | |
| ENGELBRECHT, § | |
| § | |
| DEFENDANTS. § | |

## PRELIMINARY INJUNCTION

This cause having come before the Court on the Motion of Plaintiff Konnech, Inc. ("Konnech" or "Plaintiff") for a Preliminary Injunction and the Court having reviewed Plaintiff's Original Complaint, Plaintiff's Motion for Preliminary Injunction and Brief in Support ("Motion"), the supporting affidavit of Eugene Yu, the response and arguments of counsel, if any, the Court finds that there is a substantial likelihood of success that Konnech will suffer irreparable injury if this Preliminary Injunction is not granted.

Specifically, evidence was presented to the Court to substantiate Konnech's claim that: (1) Konnech has a substantial likelihood of success on the merits with respect to its claims against Defendants True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht ("Defendants") for violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et. seq.*, and the Texas Harmful Access by Computer Statute (TEX. CIV. PRAC. & REM. CODE § 143.002), as Defendants have admitted to gaining unauthorized access to a Konnech Computer and obtaining information therefrom; (2) Konnech will suffer immediate irreparable harm absent issuance of a preliminary injunction because there is a threat that (a) Defendants will seek unauthorized access to a Konnech

Computers; (b) Defendants will use and/or disclose data from a Konnech Computer without authorization; (c) Defendants will interfere with Konnech's control of a Konnech Computer; (d) Konnech will suffer a breach of security of a Konnech Computer; (e) Defendants will disclose confidential information contained on a Konnech Computer; and (f) Defendants will cause a loss of confidence and trust of Konnech's customers, loss of goodwill, and loss of business reputation; (3) this harm outweighs any potential harm that Defendants might suffer if a preliminary injunction is granted because Defendants will not be damaged by being enjoined from committing further unlawful acts, by returning the property stolen from Konnech, and by identifying how Defendants obtained data from a Konnech Computer without authorization; and (4) the preliminary injunction is in the public interest because it is in the public's interest to enjoin conduct that the United States Congress has found to be unlawful, to prevent the disclosure of personal identifying and banking information, and the preliminary injunction would in fact benefit the public's expectation of integrity in the U.S. election process.

As used herein, the terms "Konnech Computer" shall mean any "protected computer" owned by Konnech, as that term is defined in 18 U.S.C. § 1030[1], and "Konnech Data" shall mean any data on a Konnech Computer that is not intended to be available to the public, or not otherwise in the public domain, including any U.S. poll worker data (including but not limited to their names, addresses, bank account numbers or social security numbers).

---

[1] "The term 'protected computer' means a computer— (A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; (B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States; or (C) that— (i) is part of a voting system; and (ii) (I) is used for the management, support, or administration of a Federal election; or (II) has moved in or otherwise affects interstate or foreign commerce." 18 U.S.C. § 1030(e)(2).

2

For the reasons discussed, the Court finds that Plaintiff's Motion is hereby GRANTED; it is therefore:

ORDERED that Defendants, directly or indirectly, and whether alone or in concert with others, shall be immediately:

i. enjoined from accessing or attempting to access without authorization any Konnech Computer or Konnech Data;

ii. ordered to return to Konnech all property and Konnech Data obtained from Konnech's Computers, whether original, duplicated, computerized, handwritten, or any other form whatsoever;

iii. enjoined from using, disclosing, or exploiting any Konnech Computer or Konnech Data;

iv. enjoined from encouraging others to access or attempt to access without authorization any Konnech Computer or Konnech Data;

v. ordered to preserve, and not to delete, destroy, conceal or otherwise alter, any Konnech Computer or Konnech Data should Defendants ever have possession, custody, or control of any Konnech Computer or Konnech Data;

vi. ordered to immediately return to Konnech any Konnech Computer and Konnech Data should Defendants ever have possession, custody, or control of any Konnech Computer or Konnech Data;

vii. ordered to immediately identify to Konnech each individual and/or organization involved in accessing, attempting to access or obtaining or attempting to obtain any Konnech Computer or Konnech Data;

viii. ordered to immediately confidentially disclose to Konnech how and when any person not authorized by Konnech gained access to and/or obtained any Konnech Computer or Konnech Data; and

ix. ordered to immediately identify to Konnech all persons and/or entities, in Defendants' knowledge, who have had possession, custody or control of any Konnech Computer or Konnech Data; It is further,

ORDERED that the bond Konnech previously posted for the TRO shall be transferred as security for this preliminary injunction; it is further,

ORDERED that this Preliminary Injunction expires upon the entry in this action of a permanent injunction or final judgment or as otherwise ordered by the Court or upon agreement of the Parties.

SIGNED this ___ day of _____, 2022, at ____ p.m.

_____
UNITED STATES DISTRICT JUDGE