## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KONNECH, INC. § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. 4 :22-CV-03096 |
| § | |
| TRUE THE VOTE, INC., GREGG § | |
| PHILLIPS AND CATHERINE § | |
| ENGELBRECHT, § | |
| **Defendants** § | |

## DEFENDANTS' MOTION TO HOLD MATTER IN ABEYANCE

Come now Defendants True the Vote, Catherine Engelbrecht, and Gregg Phillips, by counsel, and respectfully moves this Court to hold this matter in abeyance for one week until October 19, 2022 for the following reasons.

1. Plaintiff yesterday moved this Court for leave to Amend its Complaint by adding a specified individual as a named defendant (Doc 28);

2. Defendant Gregg Phillips has today engaged counsel to represent him in this matter; and

3. Plaintiff's President and Chief Executive Officer, Eugene Yu, will be arraigned on Friday October 14th before the Superior Court of California, Los Angeles County, on felony charges sounding in theft of personal identifying information of American

election workers – at which time Defendants are reliably informed, the indictment against Mr. Yu will be unsealed[1].

## ARGUMENT

Plaintiff's Motion to Amend the Complaint materially alters this controversy, creating new issues requiring Defendants' review and evaluation in order to enable this Court fully to be apprised and informed preparatory to the eventual resolution of the case.

Defendant Phillips' newly engaged counsel, John C. Kiyonaga of Alexandria, Virginia, will require at least a week adequately to apprise himself of this case so as to enable his effective representation of his client[2].

The unsealing of Mr. Yu's indictment will enable this Court more effectively to assess the credibility of the only evidence supporting Plaintiff 's essential contentions in this action - Mr. Yu's affidavit unenhanced through live testimony and untested through cross examination. Further illuminating as it shall, the lack of reliability of Mr. Yu's affidavit, the unsealing of the indictment will bear with particularity on the inappropriateness of the Temporary Restraining Order's ("TRO") mandate for specific performance (i.e., disclosure by Defendants of specified information). Courts are extremely reluctant to grant injunctive relief mandating specific performance.

" '[P]laintiff is in effect requesting a mandatory injunction,

---

[1] da.lacounty.gov, Oct. 4, 2022, *Head of Election Worker Management Company Arrested in Connection with Theft of Personal Data*. Defendants have been informed by a prosecutor of the Los Angeles County District Attorney's Office that California will seek the unsealing of the indictment at that time.

[2] Attorney Kiyonaga yesterday commenced the process of enabling a motion for his admission pro haec vice before this Court by requesting a Certificate of Good Standing of the Virginia State Bar.

> which is defined as "an extraordinary remedial process which commands the performance of some positive act.' *United States v. Texas,* 601 F.3d 354, 362 (5th Cir. 2010) (finding order to be mandatory injunction where order "compels defendants to promptly and affirmatively act in a specific and extraordinarily extensive manner… Mandatory injunctions are 'particularly disfavored, and should not be granted unless the facts and law clearly favor the moving party.' *Roark,* 2013 WL 2153944, at *5.

*Guajardo v. Kerry*, No. CV SA-13-CA-608-FB, 2014 WL 12538142, at *2 (W.D. Tex. May 2, 2014)

The unsealing of Mr. Yu's indictment will also lend further clarity to the restrictions precluding any disclosures by Defendants in this action - augmenting thereby Defendants' affirmative defense of Necessity[3] to Plaintiff's Motion to Show Cause. As earlier represented, Defendants have been reliably informed by federal law enforcement that compliance with Paragraphs V, VI and VII of the TRO would jeopardize national security and the physical security of the individual named in the last hearing. Mr. Yu's unsealed indictment should afford this Court greater clarity in evaluating Defendants' justification for non compliance with these paragraphs. Further limiting compliance with these paragraphs, Defendant Phillips testified before the Grand Jury that indicted Mr. Yu and he continues to be bound by the secrecy of that proceeding which he was sworn to uphold. (Said secrecy may be attenuated by the unsealing of the indictment – further auguring the allowance of more time for Defendants further to respond to the TRO.)

Defendants have no objection to the TRO beyond Paragraphs V, VI and VII and represent to this Court that none shall undertake any conduct proscribed elsewhere in the TRO.

---

[3] "The essential elements of the defense of necessity include that the accused (1) reasonably believes the conduct is (2) immediately necessary to avoid (3) imminent harm*." Roberts v. Dretke*, No. CIV. A. H-04-4852, 2005 WL 1772838, at *5 (S.D. Tex. July 25, 2005)(citing tex. Penal Code Ann. Sec. 9.22(1)).

The aforesaid circumstances impel the grant of more time for Defendants further to seek the dissolution of the Temporary Restraining Order insofar as it comprises specific performance, and further to contest the Motion for Preliminary Injunction and the Motion to Show Cause.

Respectfully submitted,

THE AKERS FIRM, PLLC

By: */s/ Brock C. Akers*

Brock C. Akers
Federal I.D. No. 2046
State Bar No. 00953250
THE AKERS FIRM, PLLC
3401 Allen Parkway, Suite 101
Houston, Texas 77019
Telephone: 713-877-2500
Facsimile: 713-583-8662
E-mail: bca@akersfirm.com

J. Mark Brewer
Federal I.D. No. 9909
State Bar No. 02965010 BREWER & PRITCHARD, P.C. 800 Bering Drive, Suite 201 Houston, Texas 77057 Telelphone: 713-209-2950
Email: brewer@bplaw.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that, on this 12th day of October 2022, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing

4

generated by CM/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Brock C. Akers*

Brock C. Akers