UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| TRUE THE VOTE INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DIRECTING DEFENDANTS TO APPEAR AND
SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

**I.**

On September 12, 2022, the Court entertained an *ex parte* temporary restraining order ["TRO"] [DE 9][1], that arises as a result of the plaintiff's, Konnech, Inc., ["Konnech"], original complaint [DE 1] and motion for a temporary restraining order and request for a preliminary injunction [DE 5]. The Court granted Konnech's motion for a TRO.

**II.**

After a review of the tendered documents, the Court determined that a TRO should issue against the defendants, True the Vote, Inc., Gregg Phillips and Catherine Engelbrecht, because the documents presented and the arguments of counsel substantiated Konnech's claims that: (a) there is a substantial likelihood that Konnech will succeed on the merits of its claims; (b) immediate and irreparable injury or harm will be suffered by Konnech if a TRO were not issued: (1) in that the defendants have obtained unauthorized access to Konnech's protected computers and/or data and

---

[1] Konnech filed a motion for emergency consideration of its request for a preliminary injunction and for contempt [DE 17]. Consideration of that motion is subsumed in this order to show cause. A preliminary injunction will issue shortly.

1 / 3

plans to publicly disclose private and confidential information that the defendants admit they obtained unauthorizedly; (2) their plan will interfere with Konnech's business contracts by destroying trust in Konnech's business reputation; (3) the harm to Konnech outweigh and harm the defendants might suffer if the TRO is granted; and, (4) to issue a TRO is in the public's best interest because the private/confidential data of the individuals could potentially be released which release would, without doubt, harm the individuals.

### III.

The Court set a hearing on Konnech's motion for a preliminary injunction on September 26, 2022, at 11:30 a.m., Courtroom 11A. In the interim, the parties entered into a stipulation to reset the hearing for October 6, 2022, and to continue the TRO "until the earlier of the date when: (a) the Parties enter into an agreed Preliminary injunction that is signed by the Court; or (b) the Court has ruled on Konnech's Motion for preliminary injunction. *See* [DE 20].

In addition to the stipulation, concerning the time for the hearing and extending its terms, counsel for the defendant filed a "sealed" letter with the Court responding, in part, to the Court's TRO. The defendants refused to identify the source of its data, arguing that to do so would hinder an FBI investigation concerning the matter, or jeopardizing "national security".

### IV.

On September 21, Konnech filed its motion to show cause and for contempt against the defendants [DE 16]. The defendants filed a response to the motion [DE 19] and the Court received arguments from counsel from all parties. Konnech contends that the defendants' have failed to comply with "subsections V, VI and VII of the TRO." Those subsections state that the defendants are:

    v.    ordered to identify each individual and/or organization involved in accessing Konnech's protected computers;

    vi.    ordered to confidentially disclose to Konnech how, when, and by whom Konnech's protected computers were accessed; and

    vii.    ordered to identify all persons and/or entities, in Defendant's knowledge, who have had possession, custody or control of any information or data from Konnech's protected computers.

In response, the defendants, through counsel assert that the allegations made by Konnech are untrue and the defendants had no problem complying with the TRO; the defendants turned over their data and information to the FBI; the defendants believe that to turn over the name of the individual from who they acquired their data, has significant national security and law enforcement implications, and the defendants assert that pursuant to Title 18 U.S.C. § 798, they have a greater duty to the United States not to make the name of the individual available to Konnech. The defendants did not address further the Court's TRO as it relates to subsections V, VI or VII.

**V.**

Based on the status of the record and the conduct of the defendants, the Court is of the opinion that the defendants have failed and refused to comply with the TRO and ORDERS that the defendants and their counsel appear in Courtroom 11-A on the 27th day of October, 2022, at 11:00 o'clock a.m., the United States Courthouse, 515 Rusk, Houston, Texas to show cause why they should not be held in contempt of Court for failing to comply with the TRO entered in this case.

It is so ORDERED.

SIGNED on October 17, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge