# United States Court of Appeals for the Fifth Circuit

United States Courts Southern District of Texas
FILED
11/22/2022
Nathan Ochsner, Clerk of Court

United States Court of Appeals Fifth Circuit
FILED
November 22, 2022
Lyle W. Cayce
Clerk

No. 22-20578

In re: Gregg Phillips; Catherine Engelbrecht,

*Petitioners.*

---

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3096

---

Before Haynes, Engelhardt, and Oldham, *Circuit Judges*.[†]
Per Curiam:[*]

Petitioner-defendants request relief from the district court's civil-contempt order. We previously ordered petitioners released from custody. Today we vacate the contempt order.

Plaintiff in the district court, Konnech, Inc., sued petitioner-defendants for hacking Konnech's computers. The district court then used a temporary restraining order, a preliminary injunction, and a civil-contempt order to litigate the case on Konnech's behalf. For example, prong (v) of the now-dissolved TRO required petitioner-defendants to "identify each

---

[†] Judge Haynes concurs in the judgment only.

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

individual and/or organization involved in accessing [Konnech's] protected computers." App. 120. Such a demand makes perfect sense when made by a plaintiff in discovery. But the record does not reveal what sort of emergency justified the *district court's* demand for that information *before* the parties could file Rule 12 motions, *before* the defendants could file an answer, *before* the parties could file their initial disclosures, or *before* discovery could begin let alone conclude in the ordinary course. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). Much less did the district court explain what sort of emergency could warrant jailing the petitioner-defendants for not making such immediate disclosures. Rather, the district court made clear that it was imposing its disclosure requirements because it—the district court—wanted to add defendants to the lawsuit. Resp. 13; App. 188. That is not how the Federal Rules of Civil Procedure work.

It has long been settled that a party cannot be held in contempt for "disobeying an invalid order." *Donovan v. City of Dallas*, 377 U.S. 408, 414 (1964); *see also United States v. Dickinson*, 465 F.2d 496, 513–14 (5th Cir. 1972). And here, the district court's TRO was invalid because it disregarded the order of operations imposed by the Federal Rules. It necessarily follows that any contempt order premised on violations of the TRO was "bottomed irrevocably on a mistake of law." *Dickinson*, 465 F.2d at 514.

That said, the district court's TRO has since lapsed. It was replaced by a preliminary injunction, issued on October 31, 2022. Petitioners have not yet exercised their right to appeal that injunction. *See* 28 U.S.C. § 1292(a)(1); FED. R. APP. P. 4(a)(1)(A) (providing 30 days to notice an appeal of the preliminary injunction).

It is not clear whether the district court intends to employ any further coercive measure in connection with its prior contempt order, or in

No. 22-20578

connection with the more recent preliminary injunction. And the merits of any appeal from the district court's preliminary injunction are not before us. Accordingly, we VACATE the contempt order because the district court premised it on the now-dissolved TRO. The case is REMANDED to the district court for further proceedings consistent with the Federal Rules. Any future appellate proceedings regarding any future contempt orders shall be directed to and decided by this panel.

Certified as a true copy and issued
as the mandate on Nov 22, 2022

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 22, 2022

Mr. Nathan Ochsner
Southern District of Texas, Houston
United States District Court
515 Rusk Street
Room 5300
Houston, TX 77002

    No. 22-20578    In re: Gregg Phillips
                         USDC No. 4:22-CV-3096

Dear Mr. Ochsner,

Enclosed is a certified copy of the opinion issued as the mandate.

                                  Sincerely,

                                  LYLE W. CAYCE, Clerk

                                  By: _____
                                  Nancy F. Dolly, Deputy Clerk
                                  504-310-7683

Enclosure(s)

cc:  Mr. Constantine Z. Pamphilis
     Mr. Michael Wynne