IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| TRUE THE VOTE, INC., GREGG PHILLIPS, and CATHERINE ENGELBRECHT, | § § § | |
| | § | |
| DEFENDANTS. | § | |

**ORDER DIRECTING DEFENDANTS TO APPEAR AND
SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

**I.**

On September 12, 2022, plaintiff Konnech, Inc. ["Konnech"] filed a motion for preliminary injunction. On October 5, 2022, defendants True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips ["Defendants"] filed a response to the motion [DE 24], and on October 11, Konnech filed a reply in support of its motion. [DE 27]. In the interim, the Court held a hearing on the motion on October 6, 2022.

**II.**

After the parties fully briefed the motion and the Court held a hearing on same, the Court determined that the Preliminary Injunction should issue. On October 31, 2022 the Court signed a Memorandum Opinion and Order on Motion for a Preliminary Injunction, which was entered by the Clerk on November 3, 2022. [DE 57]. The Court explained in its Memorandum Opinion and Order that, "[t]his data, whether acquired from Konnech or China, is personal and confidential to Konnech and the poll workers of the various counties and States in the United States where the workers are employed." [*Id*.]. As such, "[i]n accessing Konnech's computer and/or collecting, storing or retrieving data known to belong to Konnech, the defendants have interfered with

Konnech's lawful right to control its own computers and data, and, moreover, protect the personal and confidential data of individuals who serve as 'poll workers.'" [*Id*.] And furthermore, as the Court explained, "Konnech and Yu are under threats as a result of the defendants' media events, whereby they announced their intent to release to the public all of the data that they acquired from Konnech's protected computers. To do so, in the Court's opinion, would destroy trust in the governmental entities by the public and, trust between the governmental entities and Konnech." [*Id*.]

### III.

The Court set a show cause hearing on a now-dissolved TRO which required the same information as the Preliminary Injunction now requires. At that hearing, Defendants refused to provide the information required by the TRO, which is the same information required by the Preliminary Injunction, as well as direct orders from the bench that they disclose the identity of the third person involved in gaining unauthorized access to Konnech's computers at that January 2021 hotel meeting.

### IV.

On December 5, 2022, Konnech filed its motion to show cause and for contempt against Defendants related to the Preliminary Injunction and the Court's direct orders from the bench. Konnech contends that Defendants have failed comply with Sections 3, 4, 6 and 7 of the Preliminary Injunction. Those sections state that Defendants are:

    (iii)    ordered to identify each individual and/or organization involved in accessing Konnech's protected computers;

    (iv)    ordered to return to Konnech all property and data obtained from Konnech's protected computers, whether original, duplicated, computerized, handwritten, or any other form, whatsoever obtained from any source;

    (vi)    ordered to confidentially disclose to Konnech how, when, and by whom Konnech's protected computers were accessed; and

2

    (vii)    ordered to identify all persons and/or entities, in defendants' knowledge, who have had possession, custody or control of any information or data from Konnech's protected computers.

## V.

Based on the status of the record and the conduct of Defendants, the Court is of the opinion that the Defendants have failed and refused to comply with the Preliminary Injunction and ORDERS that defendants and their counsel appear in Courtroom 11-A on the ___ day of _____, 202__, at _____ o'clock __m., the United States Courthouse, 515 Rusk, Houston, Texas to show cause why they should not be held in contempt of Court for failing to comply with the Preliminary Injunction entered in this case.

It is so ORDERED.

SIGNED on _____, 202__.

                                                                                               _____
                                                                                                Kenneth M. Hoyt
                                                                                                United States District Judge