IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KONNECH, INC., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-03096 |
| § | |
| TRUE THE VOTE, INC., GREGG § | |
| PHILLIPS, and CATHERINE § | |
| ENGELBRECHT, § | |
| § | |
| DEFENDANTS. § | |

**PLAINTIFF KONNECH, INC.'S MOTION FOR SANCTIONS UNDER FRCP 11**

Pursuant to Federal Rule of Civil Procedure 11, Plaintiff Konnech, Inc. submit this Motion for Sanctions against Defendants and their counsel (the "Motion"), and respectfully shows as follows:

**ARGUMENT & AUTHORITIES**

Konnech seeks sanctions under Rule 11 against Defendants True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht ("Defendants") and their counsel for filing a frivolous Motion to Recuse (Doc. 74). Rule 11 is violated when a motion is filed (1) for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" or (2) is not "warranted by existing law" and contains no "nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b)(1)-(2).

When assessing a Rule 11 violation in the Fifth Circuit, the "standard" is measured is an "objective, not subjective, standard of reasonableness under the circumstances." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). Upon finding a violation of Rule 11, the Court may award the prevailing party the reasonable expenses and attorneys' fees incurred (1)

as a result of the Rule 11 violation, and (2) for the motion itself. FED. R. CIV. P. 11(c)(2), (4). The Court may also award sanctions to deter repetition of the conduct or comparable conduct by others similarly situated, including nonmonetary directives, and an order to pay a penalty into court. *Id.* 11(c)(4).

For the reasons addressed in Konnech's Response in Opposition to Defendants' Motion to Recuse (Doc. 76), Defendants' Motion is frivolous and filed for the purpose of delay, to harass Konnech and increase the costs of litigation, and is otherwise not based on existing law. *See Seneca Res. Corp. v. Moody*, 135 B.R. 260, 261 (S.D. Tex. 1991) (issuing sanctions of $252,760 for filing frivolous motion to recuse); *Henderson v. Dep't of Publ. Safety & Corr.*, 901 F.2d 1288, 1294 (5th Cir. 1990) (affirming district court's sanctions for violation of Rule 11 by filing frivolous motion to recuse); *Stringer v. Funchess*8, 291 F. App'x 617, 619 (5th Cir. 2008) (same); *Campbell Harrison & Dagely L.L.P. v. Hill*, No. 3:07-CV-2020-L, 2015 WL 7294880, at *6 (N.D. Tex. Nov. 19, 2015) (finding motion to recuse "patently frivolous and totally without merit" and issuing show cause order directing counsel to show why sanctions should not be imposed).

Accusing a federal judge of bias, or even the appearance of bias, is a serious accusation, to say the least. Because of the seriousness of the charge, which questions the integrity of a judicial officer, it should not be made without substantial evidence. However, as with the rest of Defendants' briefings in this matter, Defendants have again failed to present any evidence to support their reckless and frivolous charge against the Honorable Judge Hoyt. Defendants' lack of evidence aside, Defendants' arguments do not even begin to approach the type of bias that courts have recognized as supporting recusal. Defendants' Motion to Recuse is further marred by egregious misrepresentations including, for example, that Judge Hoyt somehow barred them from filing a motion to dismiss. (Mot. at p. 13). Of course, the Court did absolutely nothing to prevent

-2-

Defendants from filing a motion to dismiss; Defendants simply chose to file an answer instead.

*First*, as addressed in detail in Konnech's Response in Opposition to Defendants' Motion to Recuse, the Motion to Recuse is objectively and frivolously untimely, as it was not filed until months after the alleged grounds for recusal occurred, until after several adverse rulings, until after Defendants themselves sought relief from the Court, and was filed for the purpose of delaying the Court's decision on whether to set a show cause hearing for Defendants' indisputable contempt of the Court's Preliminary Injunction. *See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994) (affirming denial of motion to recuse as untimely); *In re Katrina Canal Breaches Litigation*, 351 Fed. Appx. 938, 944 (5th Cir. 2009) (same); *Grambling Univ. Nat. Alumni Ass'n v. Bd. of Sup'rs for Louisiana Sys.*, 286 F. App'x 864, 867-68 (5th Cir. 2008) (affirming denial of recusal motion where party "did not immediately move to have this case assigned to a judge from another division or district and instead allowed the case to linger" for months, and only after adverse rulings).

*Second*, Defendants' Motion to Recuse is also frivolous as it is based on adverse judicial rulings, which are not grounds for recusal as a matter of law. *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *U.S. v. Mizell*, 88 F.3d 288, 300 (5th Cir. 1996) (denying motion to recuse where "[t]he grounds for recusal . . . consist of judicial rulings which the district judge was required to make."); *U.S. v. Clark*, 605 F.2d 939, 942 (5th Cir. 1979) (same); *Thornton v. Hughes, Watters and Askanase, LLP*, 2016 WL 8710442, at *5 ("To the extent that Plaintiffs complain of adverse rulings, such rulings are not an adequate basis for demanding recusal."). To be sure, the Fifth Circuit has held that a motion to recuse based on adverse rulings by the judge is "frivolous." *United States v. Smith-Garcia*, 802, F. App'x 822, 826 (5th Cir. 2020). Accordingly, district courts

within the Fifth Circuit have previously issued Rule 11 sanctions for filing a motion to recuse based on adverse rulings, which is precisely what Defendants have done here. *See e.g.*, *Silver v. City of San Antonio*, No. SA20CV0888JKPRBF, 2020 WL 4480817, at *1 (W.D. Tex. Aug. 4, 2020) (sanctioning party because "[r]elying on adverse rulings is a frivolous ground for recusal."). Defendants have not otherwise put forth any argument, let alone a nonfrivolous one, as to why that well-settled law should be modified.

*Third,* Defendants' Motion to Recuse is not premised on the appearance of bias or prejudice from any extrajudicial source. *Liteky*, 510 U.S. at 555 (finding that extrajudicial source doctrine applies to motions to recuse under § 455(a)); *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."); *U.S. v. Clark*, 605 F.2d 939, 942 (5th Cir. 1979) (same). In fact, Defendants admit that the source of bias or prejudice allegedly harbored by the Court stems from Konnech's own Complaint and briefings, which are necessarily not extrajudicial.[1] (*See e.g.*, Doc. 74 at p. 16) (arguing that "Court's opinions, expressed on October 6, 2022, were clearly extrajudicial" because they were based "on Plaintiff's *ex parte* representations.").

Accordingly, Konnech asks the Court to award Konnech its attorneys' fees for responding to Defendants' frivolous Motion to Recuse and in connection with this Motion, as well as any attorneys' fees incurred in responding to any mandamus or appeal of the Motion to Recuse and

---

[1] It should also be noted that on January 5, 2022, in response to Defendants' request to confer in connection with their Motion to Recuse, counsel for Konnech specifically stated: "Please note in the certificate of conference that Konnech is opposed to Defendants' motion to recuse and intends to seek sanctions for this filing." (Doc. 76, Ex. D, Jan. 5, 2022 Counsel Correspondence). Defendants, however, did not accurately reflect Konnech's response to its request to confer, and failed to include Konnech's statement that it intends to seek sanctions.

this Motion for Sanctions.

## CONCLUSION

Konnech respectfully requests that the Court grant Konnech's Motion for Sanctions against Defendants and their counsel under FRCP 11, award Konnech reasonable expenses and attorneys' fees incurred as a result of the Rule 11 violation, and for the motion itself, award any other sanctions necessary to deter repetition of the conduct or comparable conduct by others similarly situated, including nonmonetary directives, and an order to pay a penalty into court and grant Konnech such other and further relief to which it may be justly entitled.

Dated: February 2, 2023

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: */s/ Constantine Z. Pamphilis*
    Constantine Z. Pamphilis
    Attorney in Charge
    Texas State Bar No. 00794419
    SDTX Bar No. 19378
    DPamphilis@kasowitz.com
    Nathan W. Richardson
    Texas State Bar No. 24094914
    SDTX Bar No. 24094914
    NRichardson@kasowitz.com
    1415 Louisiana Street, Suite 2100
    Houston, Texas 77002
    (713) 220-8800
    (713) 222-0843 (fax)

*Attorneys for Plaintiff Konnech, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 12, 2023, I served counsel for Defendants with a copy of this motion and requested that Defendants withdraw their Motion to Recuse. Counsel for Defendants failed to withdraw or appropriately correct their Motion to Recuse within the 21 day period provided in Rule 11 after they were served with this Motion.

*/s/ Constantine Z. Pamphilis*
Constantine Z. Pamphilis

## CERTIFICATE OF SERVICE

I certify that, on February 2, 2023, a true and correct copy of the foregoing instrument was forwarded by electronic transmission to all registered ECF users appearing in the case.

*/s/ Constantine Z. Pamphilis*
Constantine Z. Pamphilis