IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-03096 |
| | § | |
| TRUE THE VOTE, INC., GREGG | § | |
| PHILLIPS, and CATHERINE | § | |
| ENGELBRECHT, | § | |
| | § | |
| DEFENDANTS. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The Rule 26(f) conference was held on February 8, 2023 via telephone conference and was attended by:

   Counsel for Plaintiff:  Dean Z. Pamphilis and Nathan W. Richardson.

   Counsel for Defendants:  Michael Wynne, Cameron Powell, and Joseph Larsen.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no other cases pending in any state or federal court between the parties to this lawsuit or which would otherwise result in any claim preclusion in this case.   There are, however, other separate lawsuits which may be the subject of discovery in this action.

3. Briefly describe what this case is about.

   Plaintiff's statement:       Plaintiff claims that Defendants hacked into a computer and stole Plaintiff's data therefrom, including the alleged personal identifying information of millions of U.S. poll workers, and then threatened to release the data to their followers.  Plaintiff claims that Defendants have repeatedly, intentionally and recklessly, defamed Plaintiff by

1

      publishing baseless statements that, among other things, Plaintiff and its employees are "Chinese operatives," who are spearheading a "Red Chinese communist op run against the United States."

      <u>Defendants' statement</u>: Defendants maintain that Plaintiff has still neither identified nor claimed ownership of the allegedly accessed server in China, and Defendants deny both that they "accessed" the server in question, which was located in China, or that they defamed Plaintiff.

4.     Specify the allegation of federal jurisdiction.

      Plaintiff claims the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Konnech has asserted claims against Defendants under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.

      Plaintiff claims this Court also has supplemental jurisdiction over Konnech's state law claims pursuant to 28 U.S.C. § 1367(a).

      Plaintiff further claims the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the parties have diversity of citizenship and the amount in controversy exceeds $75,000.

5.     Name the parties who disagree and the reasons.

      None as it relates to item No. 4 above.

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      Plaintiff: Plaintiff has already added Mike Hasson as a named defendant to this action but has not yet been able to secure service of a summons on Mr. Hasson. Plaintiff also anticipates adding as a party to this action OPSEC Group, LLC and, following the disclosure by Defendants of their identity, anyone else acting in concert with Defendants and/or in the hotel room when the poll worker data at issue in this action was accessed.

      Defendant    --    None

7.     List anticipated interventions.

      None anticipated at this time.

8.     Describe class-action issues.

      None.

9.     State whether each party represents that it has made the initial disclosures required by Rule

    26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties have agreed to each make their initial disclosures by 3/1/23.

10.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f);

    Defendants have proposed a protective order in the case.

    On October 4, 2022, the Los Angeles County District Attorney seized all of Plaintiff's computer servers from its corporate headquarters, as well as all computers, cell phones and external electronic storage devices from Plaintiff's CEO's (Eugene Yu) home and vehicles. The seizure occurred in connection with a sealed indictment against Mr. Yu only, that was later converted into a criminal complaint. The criminal complaint against Mr. Yu was dismissed by the Los Angeles County District Attorney's office on November 9, 2022, and the Deputy District Attorney in charge of the criminal action was put on administrative leave.

    Despite repeated demands to have the seized items returned on October 15, 18 and 26, 2022, the Los Angeles County District Attorney's office refused to commit to a timeline to return the items. On November 16, 2022, after the criminal complaint against Mr. Yu was dismissed, the Los Angeles Superior Court granted Mr. Yu's and Plaintiff's motion for return of the property. Shortly thereafter, the Los Angeles County District Attorney's office provided Mr. Yu with two external hard drives of forensically encrypted data which it claims contain copies of the contents of Mr. Yu's personal laptop, cell phone and other external electronic storage devices.

    However, Mr. Yu has not been able to access the data that was returned to date due to its forensic encryption. Although Mr. Yu and Plaintiff pressed for the return of all of their equipment and data at Court hearings in the Los Angeles Superior Court on November 22, 2022, December 2, 2022, December 7, 2022, January 9, 2023 and February 9, 2023, the Los Angeles County District Attorney's office has not returned any of the seized items and has not provided Plaintiff or Mr. Yu with a copy of any data contained on Plaintiff's computer servers. The Los Angeles County District Attorney has agreed to comply with the prior order by March 2, 2023, and a status conference has been set for February 23, 2023, during which the court will inquire into the progress on the return of the equipment and/or data.

    Plaintiff will need all computer equipment and the electronic data on that equipment that was seized by the Los Angeles County District Attorney's returned in order to properly participate in and conduct discovery and to prepare this case for trial. While the Los Angeles County District Attorney's office is currently considering imaging Plaintiff's servers and providing Plaintiff with the image, Plaintiff will need its actual computer

servers returned to load the data and search it for purposes of ESI discovery.

As a result, and until such time that the equipment and data is returned to Plaintiff, Plaintiff may be significantly limited in its ability to participate in discovery.

That said, the parties are amenable to proceeding with written discovery at this time with the understanding that Plaintiff's responses will be limited by the information currently available to it, and that such responses may need to be supplemented after the Los Angeles County District Attorney returns the equipment and data that it seized from Plaintiff and Mr. Yu.

The parties further agree that, given Plaintiff's limited access to potentially relevant information, there are witnesses whose depositions should not be taken until such time after the Los Angeles County District Attorney returns the equipment and data that it seized from Plaintiff and Mr. Yu, and Plaintiff has an opportunity to review that data for any discoverable information. Defendants believe, however, that there are witnesses who can be deposed without these documents. But until those witnesses have been identified, it is Plaintiff's position that any witness should not be deposed until all data is available, and/or Defendants agree that they will not be permitted to take a subsequent deposition of the same witness after the Los Angeles County District Attorney finally returns Konnech's equipment and data.

B. When and to whom the plaintiff anticipates it may send interrogatories;

Plaintiff intends to serve interrogatories on Defendants as soon as possible.

C. When and to whom the defendant anticipates it may send interrogatories;

Defendants intend to serve interrogatories upon Plaintiff as soon as possible.

D. Of whom and by when the plaintiff anticipates taking oral depositions;

1. Catherine Engelbrecht – as soon as practicable
2. Gregg Phillips – as soon as practicable
3. Defendant True the Vote's Rule 30(b)(6) witness – as soon as practicable
4. Mike Hasson – as soon as practicable
5. The unidentified third person in the hotel room – as soon as practicable
6. Certain unidentified participants in the Defendants' "Pit" event – as soon as practicable
7. Taylor Phillips – as soon as practicable
8. "@Kanekoa the Great" (Truth Social handle) – as soon as practicable
9. "@The_Authority" (Truth Social handle) – as soon as practicable
10. Brian Glenn – as soon as practicable
11. Any expert witness disclosed by Defendants

4

  E. Of whom and by when the defendant anticipates taking oral depositions;

    1. Grant Bradley -- as soon as practicable
    2. Peter McAllister -- as soon as practicable
    3. Eric Staats -- as soon as practicable
    4. Luis Nabergoi -- as soon as practicable
    5. Kelly Shettles-Neander -- as soon as practicable
    6. Eugene J. Yu -- following prior depositions and receipt of Plaintiff's document production
    7. Jun Yu - as soon as practicable
    8. Plaintiff's Rule 30(b)(6) witness – as soon as practicable
    9. Any expert witnesses disclosed by Plaintiff
    10. Bruce Fowler - FBI Special Agent Detroit, MI - as soon as practicable
    11. Huy Nguyen - FBI Special Agent, San Antonio, TX – as soon as practicable
    12. Kristina Spindel - FBI Special Agent, San Antonio, TX – as soon as practicable

  F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    Subject to the return of the equipment and data that the Los Angeles County District Attorney seized from Plaintiff and Mr. Yu at a time which permits the parties to complete fact discovery, the parties agree to the following deadlines:

    Plaintiff:  October 31, 2023
    Defendants: November 30, 2023

  G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    TBA

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

    TBA

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

  None.

13. State the date the planned discovery can reasonably be completed.

    Subject to the return of the equipment and data that the Los Angeles County District Attorney seized from Plaintiff and Mr. Yu at a time which permits the parties to complete fact discovery, the parties agree to the following deadlines:

    Fact discovery can reasonably be completed by October 15, 2023. Expert discovery can reasonably be completed by December 23, 2023.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties discussed conducting a settlement conference and/or private mediation after the exchange of written discovery but before commencing depositions.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    In November 2022, Plaintiff made a settlement demand to Defendants which Defendants have not responded to.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    The parties agree that a settlement conference with the Court and/or a private mediation is appropriate after the exchange of written discovery responses but before commencing depositions and incurring significant additional fees and expenses.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff:  opposed
    Defendants:   not opposed

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff timely made a jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties estimate that it would take between 5-7 days to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    1. Plaintiff's Second Motion to Show Cause
    2. Plaintiff's Motion for Sanctions

  3. Defendants' Motion to Dissolve Preliminary Injunction

21. List other motions pending.

  None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

  *First*, see Item 10(A) above.

  *Second*, Plaintiff has been unable to locate named defendant Mike Hasson, and has thus been unable to serve him with process. Plaintiffs are continuing to investigate the location of Mr. Hasson so that he may be served.

  *Third*, <u>Plaintiff's Statement</u>: Defendants have still not identified the third person in the hotel room when Plaintiff's data was improperly retrieved. Plaintiff contends that Defendants are in contempt, and that they must identify the third person so that he can be added as a party to this lawsuit and deposed.

  <u>Defendants' Statement</u>: Defendants await an allegation or evidence that the server data Gregg Phillips witnessed belonged to Konnech or that the server is owned by Konnech such that it could come within the language of the Court's order regarding Defendants' obligations toward a "Konnech protected computer".

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

  Plaintiff: Filed original on 09/28/22
  Defendants: Filed original on 02/09/23

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

KASOWITZ BENSON TORRES LLP
Constantine Z. Pamphilis
Attorney in Charge
Texas State Bar No. 00794419
SDTX Bar No. 19378
DPamphilis@kasowitz.com
Nathan W. Richardson
Texas State Bar No. 24094914
SDTX Bar No. 24094914
NRichardson@kasowitz.com

1415 Louisiana Street, Suite 2100
Houston, Texas 77002
(713) 220-8800
(713) 222-0843 (fax)

*Attorneys for Plaintiff Konnech, Inc.*

| | |
|---|---|
| */s/ Constantine Z. Pamphilis* | 2/21/2023 |
| Counsel for Plaintiff | Date |

GREGOR WYNNE ARNEY, PLLC
Michael J. Wynne
Attorney in Charge
Texas State Bar No. 0078529
SDTX Bar No. 0018569
mwynne@gwafirm.com
(281) 450-7403
Cameron Powell*
DC Bar No. 459020
cpowell@gwafirm.com
(503) 502-5030
James L. Turner
Texas State Bar No. 20316950
jturner@gwafirm.com
(713) 305-5457
909 Fannin Street, Suite 3800
Houston, Texas 77010

\**Pro hac vice* (oath) pending

THE AKERS FIRM, PLLC
Brock Akers
Texas State Bar No. 00953250
Federal I.D. No. 2046
bca@akersfirm.com
3401 Allen Parkway, Suite 101
Houston, Texas 77019
(713)-877-2500
(713)-583-8662 (fax)

*Attorneys for Defendants*

| | |
|---|---|
| */s/ Michael J. Wynne* | 2/21/2023 |
| Counsel for Defendants | Date |