UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:22-cv-03096 |
| | § | |
| v. | § | |
| | § | |
| TRUE THE VOTE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER FOR INSPECTION OF PLAINTIFF'S COMPUTER DEVICES

The Court has considered Defendants' Emergency Opposed Motion for Leave to Inspect Property of Plaintiff to Prevent Further Spoliation of Evidence, filed on February 24, 2023, and Plaintiff's Response, and hereby orders that:

1. Within five (5) days from the date of the Court's order, the parties shall jointly select a qualified independent third-party forensic examiner to conduct an examination of seized devices, taken during the execution of the search warrant issued by Los Angeles County on the headquarters of Konnech, Inc. If the parties cannot agree upon a forensic examiner to perform this task, each party shall submit its recommendations to the Court, and the Court will select the expert.

2. Immediately upon being selected, the independent expert and anyone working with him or her shall sign a confidentiality agreement as required by any Protective Order entered in this case and the expert shall serve as an officer of the Court such that to the extent such expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of Plaintiff's privilege.

3. The examination of the devices shall be limited to data from the period from January 1, 2020, through October 4, 2022, including examination for whether any responsive

documents or data have been transferred or deleted from any hard drive or other data storage device.

4. The independent expert shall image the hard drives of the seized devices. The expert shall be allowed to hire other outside support if necessary in order to mirror-image the seized devices. Any outside support shall be required to sign the same confidentiality order.

5. The cyber recovery from the devices shall be conducted by one or more qualified teams using FBI/DOJ standard recovery techniques either bonded or under affiant pledges, to the extent reasonably possible.

6. The experts shall make every reasonable effort to recover the data from the original devices, and if that should prove impracticable, he or she shall use bit-by-bit full-disk images. Copies shall maintain a record of chain of custody using digital hashes.

7. The independent expert shall provide a report of his or her findings to Plaintiff's counsel and to the Court prior to production to defense counsel, and Plaintiff shall have thirty (30) days from receipt of the results to file a motion for protective order to limit production to the Defense.

8. If Plaintiff does not object within thirty (30) days of receiving the expert's report, the findings shall be provided to Defendants.  All portions to which no objection has been lodged shall be provided to Defendants.  The Court will promptly rule on any objections in the course of resolving other discovery disputes that may arise in this case.

9. Contemporaneous with the report, the expert shall provide to the Court and all parties a signed affidavit detailing the steps he or she took to examine Plaintiff's devices.

10. Costs shall be borne equally by Defendants and Plaintiff, unless the Court finds a party has acted in bad faith.

Signed this ___ day of February, 2023.

                                                  So ordered,

                                                  _____
                                                  JUDGE ANDREW S. HANEN