UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KONNECH, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:22-cv-03096 |
| | § | |
| v. | § | |
| | § | |
| TRUE THE VOTE, INC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' OPPOSED MOTION FOR APPOINTMENT OF SPECIAL MASTER

Defendants True the Vote, Catherine Engelbrecht, and Gregg Phillips ("Defendants") move the Court for an order to appoint a special master to take possession of, and/or to oversee, at the Court's discretion, the creation of mirror-image forensic copies of the data stored on the approximately 102 electronic storage devices currently in the custody of the Los Angeles County District Attorney's Office. The devices were seized by law enforcement officials, pursuant to a lawful search warrant, on or about October 4, 2022, from Plaintiff's facilities in Okemos and East Lansing, Michigan, and from the residence of Plaintiff's CEO, Eugene Wei Yu ("Yu"), also in Michigan (the "Seized Devices"). A partial list of known items constituting the Seized Devices is attached as Exhibit "A."

Defendants seek the appointment of a special master for two primary reasons: (1) to prevent the spoliation of discoverable evidence relevant to their defense in this matter, which concern is more fully set out in Defendants' Motion to Inspect Property; and (2) because multiple other individuals and entities also seek to inspect the Seized Devices, either as parties, plaintiff or defendant, in litigation against Konnech and/or Yu, or for purposes of investigating whether Plaintiff or Yu violated state or federal laws or regulations relating to the storage of electronic data

– specifically concerning American poll workers and elections software – outside of the United States. A copy of a subpoena from Georgia is attached as Exhibit "B." A copy of letter to the Superior Court in Los Angeles from the Sheriff of Johnson County, Kansas is attached as Exhibit "C." A table of jurisdictions that have employed Konnech to handle election software is attached as Exhibit "D." Forty-one are listed. Undoubtedly, litigation has arisen or will arise relating to those contracts and the work performed, which may implicate the same electronic data. It may take some time for the dust to settle. It is even more likely some of the parties in those cases or proceedings, much like those here, do not even know at this stage in the process what items of data will be needed in their respective cases or proceedings.

In support, Defendants state as follows:

1. A court may appoint a special master to address pretrial matters that cannot be timely and effectively addressed by an available district or magistrate judge of the district. FED. R. CIV. P. 53(a)(1)(C). Defendants suggest the administrative tasks required here would best be handled by an independent third party working at the Court's direction, given the Court's and the Magistrate Judge's other responsibilities.

2. As set forth below, Defendants further suggest appointment of a special master will not create unreasonable expense or delay for the parties. FED. R. CIV. P. 53(a)(3). In support, Defendants would show as follows:

3. While Plaintiff alleges that Defendants violated the Computer Fraud and Abuse Act (CFAA), this is at heart a defamation case. Plaintiff contends Defendants committed defamation when Defendants made public statements stating Konnech stored U.S. election data in China and was otherwise inappropriately working on American elections software in concert with Chinese nationals. Substantial truth is a defense to defamation.

4. Whether Konnech did or did not store U.S. election data in China can best be determined by examining the data, particularly log files, resident on the Seized Devices, now in the custody of Los Angeles County. Reviewing that data would be the best and most direct evidence and could well be outcome determinative. Moreover, the data on the Seized Devices may well support – or tend to disprove – Plaintiff's allegation that Defendants accessed one or more of its computers in violation of the CFAA. If the Seized Devices should be damaged or destroyed, by accident or purposely, on their way back to Michigan, Defendants will be severely handicapped. Plaintiff has called upon Defendants to mount a defense to very serious allegations, ones involving highly fact-intensive questions. It is a considerable challenge, but one that would be practically impossible without the evidence best suited to show who is right. An adverse inference instruction at trial will not be sufficient if equipment is damaged, or data lost such that it cannot be retrieved. Plaintiff says it has not damaged or destroyed it yet. In light of Plaintiff's attempts to tamper with witnesses and request that its Australian subsidiary delete data, as laid out in Defendants' Motion to Inspect, this is little consolation.

5. Plaintiff asserts in its Response to Defendants' Motion to Inspect Property that Defendants are asking Plaintiff to bear an unreasonable cost and to suffer an undue delay. This is not true. First, Defendants are not asking Plaintiff to bear any cost and have instead volunteered to share if not bear the cost. Second, time concerns can readily be addressed. Defendants have located a qualified expert who could start tomorrow. See Exhibit "E" Affidavit of Aaron Hughes. If Plaintiff does not approve of him, there are plenty of other such experts ready and willing to do the job – in Houston or Los Angeles – at substantially lower cost than Los Angeles County has apparently been quoted.

6. Plaintiff also finds significance in the fact that the Los Angeles County District Attorney has dismissed the criminal complaint filed against Mr. Yu. But as the Court knows from the criminal side of its docket, this is far from unusual. Just as in federal court, there is a Speedy Trial Statute governing California state court proceedings. *See* Cal. Penal Code Section 1382 (West 2020). Given the enormous volume of data on the Seized Devices, and the slow pace of the bureaucratic machinery in Los Angeles County, the prosecution was not ready to proceed within the deadlines imposed, so the prosecution dismissed the case. It can be refiled once the prosecution is ready. They are well within limitations.

7. The dismissal also has no bearing on the validity of the underlying search warrant. No court has found the underlying search warrant to have been improvidently granted. The governing presumption is that the magistrate or issuing court in California found probable cause. Nothing has changed since the warrant was issued that would alter that presumption.

8. One thing that has changed, however, is the Court itself—and this goes to Plaintiff's assertion that Defendants "sat on their hands." Prior to Judge Hoyt's recusal, Defendants faced a bench so hostile that the Fifth Circuit, in granting Defendants' Petition for a Writ of Mandamus, observed that the district court had "used a temporary restraining order, a preliminary injunction, and a civil-contempt order *to litigate the case on Konnech's behalf*." Phillips, No. 22-20578, 2022 WL 17175826, at *1 (5th Cir. Nov. 22, 2022) (emphasis added). Under such circumstances, seeking the order that Defendants now request would have been futile, or at least suboptimal, compared to seeking the order after the recusal. Further, this Court's order of March 3, 2023 furnishes a new foundation for Defendants' request for the appointment of a special master to facilitate discovery related to the Seized Devices.

9. The parties do not trust each other. Potential spoliation is an issue. Under these circumstances, the appointment of a special master to facilitate discovery would be ideal and would meet the concerns of all parties, including the concern for expeditiousness, and is in the interest of justice.

WHEREFORE, Defendants ask the Court to appoint a special master to determine the most expedient way to obtain and secure a mirror image of the data stored on the approximately 102 electronic storage devices pertinent to this litigation currently in the custody of Los Angeles County, assessing costs as the special master sees fit and to adopt such procedures as he or she may see fit in executing that assignment.

Respectfully Submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: /s/ Michael J. Wynne
Michael J. Wynne
Texas State Bar No. 0078529
SDTX No. 0018569
Cameron Powell
DC Bar No. 459020
909 Fannin Street, Suite 3800
Houston, Texas 77010
Telephone: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com

**ATTORNEYS FOR DEFENDANTS TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, AND GREGG PHILLIPS**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I have communicated with counsel for Plaintiff and that Plaintiff is opposed to this motion.

By: /s/ *Michael J. Wynne*  
Michael J. Wynne

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2023, this document was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notifications of the filing to all attorneys of record.

By: /s/ *Michael J. Wynne*  
Michael J. Wynne
